AO 442

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

FILED
SEP 2 6 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____

| UNITED STATES OF AMERICA |
| :---: |
| v. |
| Danyelle Monique Castrillo (1) |

### WARRANT FOR ARREST

1:19-mj-00182-BAM

Case Number: 17-cr-01697-CAB-1

**NOT FOR PUBLIC VIEW**

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____Danyelle Monique Castrillo (1)_____
                                                                    Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment  ☐ Information  ☐ Complaint  ☐ Order of Court  ☐ Violation Notice  ☒ Probation Violation Petition
☐ Pretrial Violation

charging him or her with (brief description of offense):

RECEIVED AUG 14 PM 1:39
U.S. MARSHALS-S/CA

In violation of Title ____See Above____ United States Code, Section(s) _____

| John Morrill | Clerk of the Court |
| :--- | :--- |
| Name of Issuing Officer | Title of Issuing Officer |
| s/ T. Ferris | 8/14/2018        San Diego, CA |
| Signature of Deputy | Date and Location |

Bail fixed at $ _____No Bail_____  by  _____The Honorable Cathy Ann Bencivengo_____
                                                           Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at_____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| :--- | :--- | :--- |
| DATE OF ARREST | | |

PROB 12C
(06/17)

SEP 2 6 2019

August 10, 2018
pacts id: 3596913

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF CALIFORNIA
**FOR THE**
**SOUTHERN DISTRICT OF CALIFORNIA**

Petition for Warrant or Summons for Offender Under Supervision

1:19-mj-00182-BAM

**Name of Offender:** Danyelle Monique Castrillo (English)   **Dkt No.:** 17CR01697-001-CAB

**Reg. No.:** 61286-298

**Name of Sentencing Judicial Officer:** The Honorable Cathy Ann Bencivengo, U.S. District Judge

**Original Offense:** Count One: 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(II) and (a)(1)(B)(i), Transportation of Certain Aliens and Aiding and Abetting, a Class C felony.

**Date of Sentence:** October 27, 2017

**Sentence:** 15 months of custody; three years of supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** June 7, 2018

**Asst. U.S. Atty.:** Alicia Phillip Williams   **Defense Counsel:** Jesus Mosqueda
(Appointed)
619-234-8501

**Prior Violation History:** None.

---

### PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Standard Condition)** Notify the probation officer ten days prior to any change of residence or employment. *(nv11)* | 1. On or about June 25, 2018, Ms. Castrillo changed her place of residence without notifying the probation officer. |

*Grounds for Revocation:* As to allegation 1, Ms. Castrillo began her term of supervised release in the Northern District of California (ND/CA) on June 8, 2018. On that date, the probation officer reviewed the conditions of supervision with Ms. Castrillo and instructed her to report any change of residence ten days in advance, if possible, but no later than 72 hours after it occurred. On July 2, 2018, the ND/CA probation officer attempted to do an unannounced contact at Ms. Castrillo's residence. Her mother relayed that she had not seen or heard from Ms. Castrillo since June 25, 2018. Ms. Castrillo did not have a cell phone, therefore there is no way to make contact with her.

PROB12(C)

| | |
|---|---|
| Name of Offender: Danyelle Monique Castrillo | August 10, 2018 |
| Docket No.: 17CR01697-001-CAB | Page 2 |

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Ms. Castrillo's adjustment to supervised release can be deemed as poor. On June 8, 2018, Ms. Castrillo released from the Oakland Residential Re-Entry Center (RRC), and began her term of supervised release. She met with the ND/CA probation officer on June 8 and 11, 2018; and on July 2, 2018, the probation officer attempted to meet with Ms. Castrillo at her residence. Ms. Castrillo's mother advised that she and Ms. Castrillo did not get into an argument, and she was not sure why she left. She has not been seen or heard from since. Her mother also believed that she had resumed using drugs. Ms. Castrillo does not have a cell phone, nor is there any other way to contact her at this time. Ms. Castrillo's whereabouts are unknown.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Ms. Castrillo is 34 years old. She has never been married, and does not have any children.

Ms. Castrillo has an extensive criminal history stemming from 2003, to include many arrests for theft, burglary, fraud, traffic offenses, narcotics-related offenses, and alien smuggling. She also has an extensive substance abuse history, with her drugs of choice being methamphetamine and heroin.

Ms. Castrillo has a limited employment history, and it is unknown if she is employed at this time.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegation (Failure to notify the officer of change in address) constitutes a Grade C violation. USSG §7B1.1(a)( 3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category VI (determined at the time of sentencing) establishes an imprisonment range of 8 to 14 months. USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes

PROB12(C)
Name of Offender: Danyelle Monique Castrillo                                      August 10, 2018
Docket No.: 17CR01697-001-CAB                                                              Page 3

community confinement... provided that at least one-half of the minimum term is satisfied by imprisonment. USSG §7B1.3(c)(2), p.s.

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 36 month(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

### JUSTIFICATION FOR BENCH WARRANT

Ms. Castrillo has not made herself available for supervision, and it is unknown where she is at this time. Therefore, she is considered a flight risk, and a bench warrant is requested for her arrest.

### RECOMMENDATION/JUSTIFICATION

Ms. Castrillo was on supervised release for approximately 45 days before she violated her court orders. Following her release from custody, she was given an opportunity to be supervised in the ND/CA, as that is where her support is; however, she has not taken advantage of that and almost immediately, she absconded. Ms. Castrillo has only met with the probation officer twice since her release, and it does not appear that she has made any contact recently with her family or her probation officer, nor does it appear that she is taking her court orders seriously. As a result, a custodial sanction is appropriate to hold her accountable for her actions. Should Ms. Castrillo be found in violation of her conditions, it is recommended that supervised release be revoked, and that she serve the low-end of the guideline range in custody, eight months, as this is her first violation. It is further recommended that she be placed on 36 months of supervised release to follow, with the same terms and conditions previously imposed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 10, 2018

Respectfully submitted:                                                Reviewed and approved:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by  _____                                       _____
    Linnae E. Fischer                                                            Elizabeth Simons
    U.S. Probation Officer                                                       Supervising U.S. Probation Officer
    (619) 557-6459

PROB12CW                                                                                              August 10, 2018

## VIOLATION SENTENCING SUMMARY

1. **Defendant:** Castrillo, Danyelle Monique

2. **Docket No. (Year-Sequence-Defendant No.):** 17CR01697-001-CAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Failure to notify the officer of change in address or phone number | C |

4. Most Serious Grade of Violation (*See* USSG § 7B1.1(b))                      [ C ]
5. Criminal History Category (*See* USSG § 7B1.4(a))                            [ VI ]
6. Range of Imprisonment (*See* USSG § 7B1.4(a))                        [ 8 to 14 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   Restitution ($) _____     Community Confinement _____
   Fine($)         _____     Home Detention          _____
   Other           _____     Intermittent Confinement _____

PROB12(C)

Name of Offender: Danyelle Monique Castrillo  
Docket No.: 17CR01697-001-CAB

August 10, 2018  
Page 5

**THE COURT ORDERS:**

☑ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

___ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

___ Other _____

_____  
The Honorable Cathy Ann Bencivengo  
U.S. District Judge

Date 8/13/18